# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1405

———————

John Winfrey,                                   *
                                                *
                     Appellant,                 *    Appeal from the United States
                                                *    District Court for the District
          v.                                    *    of Nebraska.
                                                *
Bridgestone/Firestone, Inc.,                    *         [UNPUBLISHED]
                                                *
                     Appellee.                  *

———————

Submitted:  December 14, 1999

Filed:  December 23, 1999

———————

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and BATTEY,[*] District
    Judge.

———————

PER CURIAM.

        In 1995, Bridgestone/Firestone, Inc. (Firestone) adopted an Employee Dispute
Resolution Plan (Plan), which covered at-will employee John Winfrey and included a
mandatory arbitration provision for employment-related disputes. The following notice
appeared on the front cover of the Plan:

———————————

        [*]The Honorable Richard H. Battey, United States District Judge for the District
of South Dakota, sitting by designation.

THE EMPLOYEE DISPUTE RESOLUTION PLAN BECOMES EFFECTIVE ON OCTOBER 1, 1995, AS THE EXCLUSIVE MEANS OF RESOLVING EMPLOYMENT-RELATED LEGAL CLAIMS. THAT MEANS IF YOU APPLY FOR EMPLOYMENT, ACCEPT EMPLOYMENT, OR CONTINUE WORKING AT BRIDGESTONE/FIRESTONE ON OR AFTER THAT DATE, YOU AGREE TO RESOLVE ALL SUCH CLAIMS THROUGH THIS PROCESS, INSTEAD OF THROUGH THE COURT SYSTEM OR ADMINISTRATIVE AGENCIES.

After receiving a copy of the Plan, Winfrey continued working at Firestone. In 1998, Winfrey brought a lawsuit against Firestone, alleging racial discrimination, harassment, and retaliation in violation of Title VII and 42 U.S.C. § 1981. Firestone moved to dismiss the action, relying on the Federal Arbitration Act (FAA), 9 U.S.C. § 2 (1994), which provides that a written arbitration agreement like the Plan "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The district court granted Firestone's motion, concluding "Winfrey's continuing employment with [Firestone] after receiving a copy of the [Plan] formed a contract between the parties . . . [that] includes an agreement to mediate and arbitrate . . . disputes arising from the employment relationship, and specifically racial discrimination, harassment, and retaliation."

On appeal, Winfrey first contends he did not sign the Plan and thus is not bound by the Plan's mandatory arbitration provisions. We disagree. "Under the FAA, ordinary contract principles govern whether parties have agreed to arbitrate, principles that in this case are derived from [Nebraska] law." Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 834 (8th Cir. 1997) (citation omitted); accord Keymer v. Management Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999). The parties agree that Winfrey did not sign the Plan. Neither the Plan nor Nebraska law, however, requires Winfrey's signature to show his agreement to be bound by the Plan requirement that employment-related disputes be resolved through arbitration. See Coffey v. Mann, 585 N.W.2d

518, 523 (Neb. App. 1998) ("in the absence of a statute requiring a signature or an agreement by the parties that a contract shall not be binding until it is signed, signatures of the parties are not essential for establishing a binding contract if manifestation of mutual assent is otherwise shown").  Instead, "where an at-will employee [like Winfrey] retains employment with knowledge of new or changed conditions, . . . [Winfrey's] retention of employment constitute[d] acceptance of the offer of a unilateral contract; by continuing to stay on the job, although free to leave, [Winfrey] supplie[d] the necessary consideration for the offer," Johnston v. Panhandle Coop. Ass'n, 408 N.W.2d 261, 266 (Neb. 1987), and agreed to be bound by the Plan's mandatory arbitration provision.  Contrary to Winfrey's view, Firestone did not waive its right to enforce the Plan's arbitration clause by failing to assert this argument when Winfrey filed his EEOC complaint.  Winfrey "cites no authority requiring [Firestone] to invoke arbitration prior to the filing of a lawsuit." McWilliams v. Logicon, Inc., 143 F.3d 573, 577 (10th Cir. 1998).

Next, Winfrey contends the district court should not have dismissed the claims that were based on events occurring before the effective date of the Plan.  Again, we disagree.  Even assuming these claims were properly presented to the district court, the district court did not commit error in dismissing them.  We have carefully reviewed the Plan and conclude, as the district court did, that "all of the claims raised in [Winfrey's] complaint are subsumed by the [Plan]," which applies

> to any legal or equitable claim, demand or controversy, in tort, in contract, under common law or statute, or otherwise alleging violation of any legal obligation, between [Winfrey and Firestone], which relates to, arises from, concerns or involves in any way . . . [t]he employment of [Winfrey] . . . or . . . [a]ny other matter related to the relationship between [Winfrey] and [Firestone] including, by way of example and without limitation, allegations of: discrimination . . .; [and] harassment . . .

and contains no term limiting its application to claims based on incidents occurring after the Plan's effective date. See Keymer, 169 F.3d at 504 (courts must construe arbitration agreements based on the contracting parties' intent and "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'").

We also reject Winfrey's argument that his Title VII and § 1981 claims cannot be subjected to the Plan's mandatory arbitration provisions. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26-27 (1991) (statutory claims may be subject to enforceable arbitration agreement); Patterson, 113 F.3d at 837 (Title VII claims properly subject to arbitration agreements); Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997) (elements of Title VII and § 1981 claims are identical). Finally, we reject Winfrey's meritless challenge to the procedures contained in the Plan. See Gilmer, 500 U.S. at 30-32.

We affirm the district court's order granting Firestone's motion to dismiss.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.