[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 1, 1994, the plaintiff, Dr. Michael Richter (hereafter "Richter"), filed a complaint arising out of the termination of his employment by the defendant, Danbury Radiological Associates, P.C. (hereafter "D.R.A."). On May 29, 1985, the named parties entered into a written employment agreement which provided, in part, that any dispute arising out of the agreement would be settled by arbitration. The complaint alleges that in July of 1991, "the defendant terminated plaintiff's employment, which termination is disputed by the plaintiff" and "[d]espite the plaintiff's demand, the defendant refuses to arbitrate. . . ." Based on the foregoing, the plaintiff seeks an order from the court directing the defendant to proceed with arbitration.
D.R.A. filed a motion to dismiss the plaintiff's complaint on the grounds this (1) Richter has waived his right to arbitration; and (2) there is a prior pending action between the parties. Richter has filed, inter alia, a memorandum of law, an attached affidavit of the defendant's attorney, Gerald E. Fogarty, a copy of the agreement, and a copy of a second revised complaint from the action captioned Richter v. Danbury Hospital,
Docket No. CV 92-0307869S, in support of its motion.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v.Commission on Hospitals Health Care, 210 Conn. 697, 702. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Zizkav. Water Pollution Control Authority, 195 Conn. 682, 687. CT Page 4494
"Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." Gary Excavation,Inc. v. North Haven, 164 Conn. 119, 121. It is a creature of contract and is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law. A.Dubreuil Sons, Inc. v. Lisbon, 215 Conn. 604, 608. However, an arbitration clause may be waived by the parties or by the one entitled to its benefit. Thus, unjustifiable delay in seeking arbitration may warrant a finding of waiver.Waterbury Teachers Assn. v. Waterbury, 164 Conn. 426,435.
D.R.A. initially postulated that Richter has waived his right to arbitrate. It recites that the named parties entered into an employment agreement on or about May 29, 1985, and that Richter was dismissed on July 9, 1991. Based on the foregoing, D.R.A. states that Richter commenced a prior action against not only D.R.A., but against D.R.A's president, Dr. William Goldstein and the Danbury Hospital, on December 2, 1991.[1]
According to D.R.A., the prior suit has been vigorously contested, with both parties engaging in extensive motion practice and discovery. D.R.A. has attached the affidavit of its attorney, Gerald E. Fogerty, in support of its motion. A perusal of that affidavit corroborates D.R.A.'s contention that the parties to this action have engaged in a plethora of motion activity. Moreover, Fogerty states, in part, that "[d]epositions totalling . . . 1044 pages . . . have been taken. Plaintiff has testified on two dates . . . William B. Goldstein, has testified two days . . . an officer of the defendant hospital has been deposed . . . a member of the defendant's Board of Directors has been deposed. . . . The inquiry at the depositions was directed to the merits of the case, and included questions which covered the matters inquired into by the plaintiff's interrogatories. The defendant D.R.A. has paid more than $40,000 in counsel fees and expenses in order to defend itself in the prior pending action." (Affidavit dated April 21, 1994, pars. 9(e) and (f).)
D.R.A. concludes that by commencing and rigorously prosecuting the prior pending action, Richter has waived his right to litigate the issues sought to be arbitrated and that D.R.A. should not be required to re-litigate the same issues in another forum especially where as here Richter is enjoying the CT Page 4495 fruits of extensive discovery which would not have been available in arbitration."
Richter counters in his opposition memorandum that he has not waived his right to arbitrate since the prior action that he commenced has not appeared on a trial list. He further contends that he is simply exercising his right pursuant to the agreement to seek an arbitration of the parties' dispute. Lastly, he argues that D.R.A.'s motion is untimely and therefore in violation of Sec.52-410 of the General Statutes. The court is satisfied that Richter has indeed waived his right to arbitrate this dispute.
"A waiver by the parties of an arbitration term in the contract ought to be scrutinized by the courts carefully and ought not be implied in situations where it is probable that the parties did not have a current realization that their dispute should have been arbitrated, until such was pointed out to them."Newfield Commons Condominium Association, Inc. v. NewfieldCommons Group Limited Partnership, 7 CONN. L. RPTR. 711, 7 CSCR 978
(July 8, 1992) (Higgins, J.). The record in the present case is in contradistinction to the foregoing legal precept. An excerpt of the language as set forth in the agreement states that the doctor shall comply with all applicable rules and regulations of Danbury Hospital. D.R.A.'s motion includes a copy of Richter's second revised complaint from the prior action that began in 1991, wherein the plaintiff states in the first count (directed at Dr. William Goldstein) that all employees, including the plaintiff and the defendant Goldstein, entered into employment contracts with D.R.A. in which the employee agreed to comply with all applicable rules and regulations of the defendant Hospital.[2]
The near exact replication by Richter in his second revised complaint of a term set forth in the agreement evinces knowledge on his behalf of specific provisions set forth in the agreement, and, by logical extension, knowledge of the arbitration provision as well. Armed with that knowledge, Richter initiated a prior action that, up to the filing of the present action, has taken on the character of an aggressively pursued and contested action in every sense. The extensive motion practice engaged in by both parties and the attendant fees incurred, factors that went unchallenged by the plaintiff, reveals this much.
It is undisputed that Richter's employment was terminated on July 9, 1991. In light of his discharge, the plaintiff waited only five months to initiate a civil action, but waited well over two years to commence an action that is designed to avoid CT Page 4496 litigation and secure prompt settlement of disputes and is favored by the law. A. Dubreuil Sons, Inc. v. Lisbon,
supra. Thus, his delay cannot be justified when compared with the evidence adduced before this court.[3]
Finally, the plaintiff cannot avail himself of the operation of Sec. 52-410, which provides, in pertinent part
 (a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides. . . .
 (c) The parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day, and the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay, and shall either grant the order or deny the application, according to the rights of the parties.
As previously articulated, the plaintiff in this case waited an unreasonably long period of time to commence this action and therefore waived his right to bring an action pursuant to Sec.52-410. Even if this were not the case, Section 52-410 comes into play when no action is pending between the parties. SuccessCenters v. Huntington Learning Centers, 223 Conn. 761, 768.
The motion to dismiss is, accordingly, granted, and the court need not address the other ground as set forth in D.R.A.'s motion.