## AMY S. NG *v.* WAL-MART STORES, INC.
## (AC 30884)

DiPentima, C. J., and Gruendel and Dupont, Js.

Argued April 19—officially released July 13, 2010

*Kenneth A. Votre*, with whom, on the brief, was *Michele D. Sensale*, for the appellant (plaintiff).

*Anita M. Varunes*, with whom was *Timothy P. Knotts*, for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Amy S. Ng, appeals following the denial of her motions to set aside the verdict and for additur. On appeal, the plaintiff claims that the trial court abused its discretion in (1) denying her motion to set aside the verdict as to noneconomic damages because it was inconsistent with the economic damages and (2) denying her motion for additur. Because the plaintiff has not provided us with transcripts of the trial proceeding, we cannot determine that the court abused its discretion in denying her motions. We therefore affirm the judgment of the trial court.

On June 29, 2006, the plaintiff filed an amended complaint alleging the following facts. On or about December 21, 2000, the plaintiff was waiting in the checkout line at the store of the defendant, Wal-Mart Stores, Inc., in Manchester. A large, heavy box containing an office chair fell off of the conveyer belt and onto the plaintiff after an employee had moved the conveyer belt forward. As a result of the box striking the plaintiff, she suffered injury to her left wrist and right upper extremity, including sustained distal radioulnar instability, requiring surgery and other medical treatment.

On July 5, 2006, following a trial before a jury, a verdict was returned for the plaintiff, awarding $2335.13 in economic damages and zero noneconomic damages. On July 18, 2006, the plaintiff filed an amended motion to set aside the verdict as to damages and a motion for additur. Subsequently, the defendant filed objections to both motions and on October 20, 2006, the court denied the plaintiff's motion for additur and amended motion to set aside the verdict. On March 16, 2009, the plaintiff filed this appeal.[1]

The plaintiff claims that the court abused its discretion in denying her motion to set aside the verdict. She argues that the jury's decision to award zero noneconomic damages is inconsistent with the jury's finding of economic damages for medical expenses because pain and suffering is necessarily directly connected to medical expenses. The plaintiff also claims that the court abused its discretion in denying her motion for additur. She argues that the jury's verdict is factually inconsistent and contradictory, and that the damages awarded are inadequate to compensate her medical expenses.

We do not disturb a trial court's decision on a motion to set aside a verdict in the absence of clear abuse of discretion. *Monti* v. *Wenkert*, 287 Conn. 101, 110–11, 947 A.2d 261 (2008). Our Supreme Court has instructed

---

[1] On July 6, 2006, the defendant submitted a request for a collateral source hearing. On November 8, 2006, the plaintiff filed an appeal from the judgment on the verdict. That appeal, however, was dismissed for lack of a final judgment on February 7, 2007, because the trial court had not rendered a final decision as to collateral source payments at the time the appeal was filed. See General Statutes § 52-225a; *Smith* v. *Otis Elevator Co.*, 33 Conn. App. 99, 100, 633 A.2d 731 (1993). On February 23, 2009, the parties filed a "stipulation for judgment," which was granted by the court. The stipulation reflected the parties' agreement as to the amount by which the verdict would be reduced due to collateral source payments. The stipulation resolved the outstanding collateral source issue, and, thus, the judgment became final. On March 16, 2009, the plaintiff filed this appeal.

that "[t]he trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be indulged in favor of its correctness. . . . This is so because [f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than we can, on the printed record, what factors, if any, could have improperly influenced the jury." (Citations omitted; internal quotation marks omitted.) *Skrzypiec* v. *Noonan*, 228 Conn. 1, 10–11, 633 A.2d 716 (1993).

We also review a trial court's decision on a motion for additur under an abuse of discretion standard. "[I]t is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . . The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury [was] influenced by partiality, mistake or corruption. . . . [A] court's decision to set aside a verdict and to order an additur . . . is entitled to great weight and every reasonable presumption should be given in favor of its correctness. . . . In determining whether the court abused its discretion, therefore, we decide only whether, on the evidence presented, the court reasonably could have decided that the jury did not fairly reach the verdict it did. To do so, we must examine the evidential basis of the verdict itself . . . ." (Internal quotation marks omitted.) *Silva* v. *Walgreen Co.*, 120 Conn. App. 544, 550–51, 992 A.2d 1190 (2010).

The record on appeal does not allow us to review the evidence that was before the jury. The record before us consists solely of the pleadings and exhibits entered at trial. It contains no transcripts of any kind. Such a record does not allow a proper evaluation of the relative

strengths of the plaintiff's and defendant's cases. We are mindful of the dilemma encountered by the plaintiff's counsel in a case such as this, who was faced with the burden of the expense of producing a lengthy trial transcript on appeal. This considerable burden of expense, however, does not relieve an appellant of his obligation to provide this court with an adequate record on which to decide the issues on appeal. See *Forrestt* v. *Koch*, 122 Conn. App. 99, 111, 996 A.2d 1236 (2010); see also Practice Book § 61-10.

We note that, having heard all the testimony in the case, the trial court "is in the best position to assess the credibility of the witnesses testifying before it." (Internal quotation marks omitted.) *Nashid* v. *Andrawis*, 83 Conn. App. 115, 118, 847 A.2d 1098, cert. denied, 270 Conn. 912, 853 A.2d 528 (2004). Having reviewed the record that is available to us and the arguments of the parties on appeal, we cannot determine that the court abused its discretion in denying the plaintiff's motions to set aside the verdict and for additur.

The judgment is affirmed.

In this opinion the other judges concurred.