MSO, LLC *v.* ANTHONY DESIMONE, COEXECUTOR
(ESTATE OF CHARLES E. DESIMONE), ET AL.
(AC 33042)

Beach, Robinson and Alvord, Js.

Argued January 13—officially released April 17, 2012

*Stuart Hawkins*, for the appellant (plaintiff).

*John A. Keyes*, with whom was *Martin M. Looney*, for the appellees (named defendant et al.).

*Opinion*

ALVORD, J. The plaintiff, MSO, LLC, appeals from the judgment of the trial court granting the motion of the

defendants Anthony DeSimone and Charles DeSimone, Jr., in their personal capacities and as coexecutors of the estate of Charles E. DeSimone, to stay the proceedings and ordering the parties to proceed to arbitration pursuant to an arbitration clause in the parties' lease agreement.[1] On appeal, the plaintiff argues that the court improperly ordered the parties to proceed to arbitration because the court failed to find that the defendants waived their right to enforce the arbitration clause after the defendants allegedly engaged in extensive litigation prior to seeking enforcement of the clause. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our disposition of the plaintiff's appeal. The plaintiff leased a commercial space for its liquor store, Budget Rite Liquors, from the defendants pursuant to a lease agreement. The lease agreement permitted sublease or assignment of the lease only with the written consent of the defendants. The lease agreement also included an arbitration clause. The validity of the lease agreement is not disputed by either party. In its original complaint, filed May 9, 2006, the plaintiff claimed that the defendants unlawfully withheld consent to assign the lease, which withholding deprived the plaintiff of the opportunity to enter into "contracts with multiple ready, willing and able buyers" for the sale of its business. The complaint sounded in breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with business relations and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. On August 15, 2006, the defendants filed an

---

[1] The defendants filed a counterclaim against the plaintiff seeking repayment of rent owed to them as well as attorney's fees and costs. Additionally, the defendants impleaded Maria Shields, the guarantor of the lease agreement, as a defendant. For purposes of clarity, we refer to MSO, LLC, as the plaintiff and Anthony DeSimone and Charles DeSimone, Jr., as the defendants throughout this opinion.

answer, special defense and counterclaim alleging, inter alia, that they lawfully refused to consent to the assignment pursuant to the lease agreement and that the plaintiff owed unpaid rent and had damaged the subject property before vacating.

On September 25, 2006, the plaintiff filed its first request for leave to amend the original complaint. The defendants filed an amended answer, special defenses and a counterclaim on November 3, 2006. On the same date, the plaintiff filed separate motions for default against each defendant alleging failure to answer interrogatories and failure to produce requested documents, on which motions the court did not rule. On November 7, 2006, the plaintiff filed special defenses to the defendants' counterclaim and an amended reply to the defendants' special defenses and answer. On December 5, 2006, the defendants filed a motion for permission to implead Maria Shields, the guarantor of the lease, which motion the court granted, and they subsequently filed their complaint against Shields on the same date.

On February 2, 2007, the plaintiff requested an extension of time until March 26, 2007, to comply with the defendants' discovery requests, on which request the court did not rule. On April 23, 2007, the defendants filed their first motion for nonsuit against the plaintiff for failure to comply with their January 26, 2007 discovery requests. The defendants had requested, inter alia, the plaintiff's tax returns for the years of the claimed loss. The plaintiff objected to the motion, but the court did not rule on either the motion or the objection. The defendants filed their second motion for a nonsuit on January 28, 2008, claiming that the plaintiff had failed to comply with their discovery requests as to damages, which motion the court granted, ordering the plaintiff to respond to the defendants' interrogatories because

the plaintiff's answers were unclear.[2] The defendants filed their third motion for nonsuit on June 27, 2008, alleging that the plaintiff still had failed to provide them with a precise calculation of damages and its tax returns for the years of the supposed loss. The court granted the third motion for nonsuit and ordered the plaintiff to respond within thirty days.

On July 15, 2008, the plaintiff filed its second request for leave to amend its complaint. In this third version of its complaint, the plaintiff removed the allegation that the defendants' withholding of consent to assign the lease interfered with "contracts with multiple ready, willing and able buyers" for the sale of its business. Rather, the plaintiff's second amended complaint alleged only that the plaintiff "attempted to sell the business . . . to multiple ready, willing and able buyers . . . ." The defendants filed a written objection alleging that the plaintiff still had not provided any documentation of the alleged attempts to sell the business and arguing that they were prejudiced by a change in the theory of liability. The court never ruled on the plaintiff's second request to amend its complaint or on the defendant's objection. On December 11, 2008, the defendants filed their fourth motion for nonsuit due to the plaintiff's alleged continued failure to respond to discovery requests even as the case had been assigned a trial date.[3] The plaintiff objected, responding that the tax returns for the years of the claimed loss were not

---

[2] The defendants' counsel sent a letter accompanying the defendants' motion for nonsuit to the plaintiff's counsel stating the following:

"I sent the trial form, but truly the discovery is incomplete here. You claim:

1) $75,000.00 'Sale of Business', based on what?

2) $5,212.17 to DiChello. Why do we pay your liquor bills?

3) $6,391.08. Why do we pay your Discover Card?

4) $25,000 for state taxes?

5) $14,000.00 for your car?

Your attention in this matter is greatly appreciated."

[3] The parties had filed preliminary trial motions and had enpaneled a jury.

relevant to the defendants' defense. The court did not rule on this fourth motion for nonsuit or the objection.

Thereafter, on December 16, 2008, the defendants filed a motion for a stay of the proceedings and a motion requesting the court to order the parties to proceed to arbitration pursuant to the arbitration clause in their lease agreement. The plaintiff filed an objection. The court heard the parties on March 10, 2009. The defendants argued that their participation in the litigation was "frustrated" by the plaintiff's lack of compliance with the discovery process. The plaintiff argued that the defendants had automatically waived their right to enforce the arbitration clause due to their involvement with the lengthy litigation. The court granted the motion for a stay and ordered the parties to proceed to arbitration. It stated: "When individuals enter a contract fully aware of what the elements of the contract are, and enter an agreement, and . . . I have found in the past that if there is an arbitration clause, that the arbitration clause is going to control, and . . . I am being consistent with other decisions I have made since coming to New Haven."

The plaintiff did not file a motion to reargue or seek clarification of the court's ruling. The parties each selected an arbitrator and a third neutral arbitrator also participated. Evidentiary hearings before the arbitrators were held on July 19, 2010, and August 16, 2010. In a memorandum of decision dated September 15, 2010, the arbitrators stated: "After hearing the testimony of witnesses, a review of the exhibits and position papers and considering closing argument . . . of counsel, it is the decision of the arbitrators that the plaintiff has failed to prove the allegations of its complaint. . . . With regard to the counterclaim, the arbitrators find that the defendant[s] [are] entitled to six months of lost rent at $875 per month for a total of $5,250.00. In

addition, the defendant[s] [are] entitled to attorney's fees and costs pursuant to paragraph third of the lease."

On September 20, 2010, the plaintiff filed a motion to vacate the arbitration award, stating that the arbitrators "exceeded their power or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The plaintiff's claim rested on the allegation that the arbitrators failed to take into account its second amended complaint. On October 7, 2010, the defendants filed a motion to confirm the arbitration award. In a memorandum of decision, dated December 16, 2010, the court denied the motion to vacate and granted the motion to confirm the arbitration award, noting that the plaintiff "provided no substantive support" for its claim that the arbitrators exceeded their powers or executed them imperfectly. This appeal followed. The plaintiff did not file a motion for articulation of the court's decision to order the parties to proceed to arbitration nor did it file any motions regarding the court's confirmation of the arbitration award.

The plaintiff claims that the court improperly ordered the parties to proceed to arbitration because it failed to find that the defendants waived their right to enforce the arbitration clause after the defendants engaged in extensive litigation prior to seeking enforcement of the clause. We conclude that the plaintiff has failed to provide this court with an adequate record for review.

We first set forth the applicable statutory framework. General Statutes § 52-409[4] "provides relief when a party

---

[4] General Statutes § 52-409 provides: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

to a contract that contains an arbitration clause desires arbitration of a dispute, and the other party, instead of proceeding with arbitration, institutes a civil action to resolve the dispute. The party desiring arbitration can then seek a stay of the civil action." *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.*, 223 Conn. 761, 768, 613 A.2d 1320 (1992).

We next set forth the standard of review. "Our review of the trial court's determination [of whether a party waived the right to enforce an arbitration clause] is guided by the principle that, because waiver and estoppel are questions of fact . . . we will not disturb the trial court's findings unless they are clearly erroneous. . . . Therefore, the trial court's conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." (Citation omitted; internal quotation marks omitted.) *Mattie & O'Brien Contracting Co.* v. *Rizzo Construction Pool Co.*, 128 Conn. App. 537, 542–43, 17 A.3d 1083, cert. denied, 302 Conn. 906, 23 A.3d 1247 (2011).

We cannot conclude in the present case that the court made a finding on the issue of waiver. The court's entire ruling ordering the parties to proceed to arbitration amounts to only a few sentences in which the court does not mention the issue of waiver. Waiver is a question of fact and "[i]t is axiomatic that appellate courts do not engage in fact-finding." *Listenes* v. *Listenes*, 102 Conn. App. 642, 648 n.4, 925 A.2d 1249 (2007). After the court ordered the parties to proceed to arbitration, the plaintiff did not file a motion for articulation. "To the extent that the court's decision is ambiguous . . . it was [the appellant's] responsibility to seek to have it clarified." (Internal quotation marks omitted.) *DeRienzo Mechanical Contractors, Inc.* v. *Salce Contracting Associates, Inc.*, 122 Conn. App. 163, 173, 998 A.2d 820, cert. denied, 298 Conn. 910, 4 A.3d 831 (2010).

It is well established that it is the responsibility of the appellant to present this court with an adequate record for review. See Practice Book § 61-10; *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 738, 937 A.2d 656 (2007); *Disciplinary Counsel* v. *Villeneuve*, 126 Conn. App. 692, 700, 14 A.3d 358 (2011); *Ng* v. *Walmart Stores, Inc.*, 122 Conn. App. 533, 537, 998 A.2d 1214 (2010); *Forrestt* v. *Koch*, 122 Conn. App. 99, 111, 996 A.2d 1236 (2010); *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). When the appellant fails to provide us with an adequate record for review, we presume that the trial court acted properly. See, e.g., *Orcutt* v. *Commissioner of Correction*, supra, 739 n.25 ("in the absence of an articulation—which the appellant is responsible for obtaining—we presume that the trial court acted properly"); *S & S Tobacco & Candy Co.* v. *Greater New York Mutual Ins. Co.*, 224 Conn. 313, 321–22, 617 A.2d 1388 (1992) ("[i]n the absence of such a record, we presume that the trial court, in rendering its judgment . . . undertook the proper analysis of the law and the facts"); *Hescock* v. *Zoning Board of Appeals*, 112 Conn. App. 239, 244–45 n.6, 962 A.2d 177 (2009) ("Where the factual or legal basis of the trial court's ruling is unclear, the appellant should seek articulation pursuant to Practice Book § [66-5]. . . . [W]hen the decision of the trial court does not make the factual predicates of its findings clear, we will, in the absence of a motion for articulation, assume that the trial court acted properly." [Internal quotation marks omitted.]).

In the absence of an adequate record for reviewing the factual claims made by the plaintiff, we must conclude that the court undertook the proper analysis of the law and the facts in directing the parties to proceed to arbitration as provided in the lease agreement. "This court's role is not to guess at possibilities, but to review claims based on a complete factual record developed

by the trial court. . . . [Otherwise], we are left to guess or speculate as to the existence of a factual predicate. . . . In the absence of pertinent factual findings, a record is rendered inadequate." (Citation omitted; internal quotation marks omitted.) *State* v. *Kalican*, 110 Conn. App. 743, 755, 955 A.2d 1261, cert. denied, 289 Conn. 949, 960 A.2d 1038 (2008). Accordingly, we cannot conclude that the court improperly ordered the parties to proceed to arbitration.

The judgment is affirmed.

In this opinion ROBINSON, J., concurred.

BEACH, J., dissenting. I respectfully dissent. I have no disagreement with the majority's description of the proceedings in the trial court. The complaint was served and the return of service was filed in May, 2006. Various pleadings and motions were filed. The arbitration clause was never mentioned in the pleadings until December, 2008, when the defendants Anthony DeSimone and Charles DeSimone, Jr., in their personal capacities and as coexecutors of the estate of Charles E. DeSimone, filed a motion for a stay pending arbitration. The plaintiff, MSO, LLC, promptly objected to the motion and argued that the defendants had waived the ability to enforce the arbitration clause. A jury trial was reportedly scheduled to begin on December 11, 2008.[1] Apparently the trial was postponed, and the court did not rule on the motion for stay until March 10, 2009, after the jury had been selected and on the day on which evidence was to begin.

---

[1] The plaintiff has provided in its appendix copies of several postcard notices for "jury trial date-certain." One such notice indicated that trial was to begin on August 19, 2008, another ordered trial to begin on December 11, 2008, another for January 9, 2009, and finally the last for February 20, 2009. The motion for stay, then, was filed well after the first "firm" trial date and just after the second.

On March 10, 2009, immediately following the plaintiff's argument on the issue of waiver, the court ruled: "When individuals enter a contract fully aware of what the elements of the contract are, and enter an agreement, and . . . I have found in the past that if there is an arbitration clause, that the arbitration clause is going to control, and . . . I am being consistent with other decisions I have made since coming to New Haven." As noted by the majority, there was no express mention in the ruling of the question of waiver, and there was no finding or conclusion on the issue of waiver. In the context of just having heard arguments about waiver, however, the court unavoidably implied that it always enforced arbitration clauses, regardless of the circumstances in which they were asserted. In these circumstances, the record is adequate for review. The facts are found in the record; the court's ruling, although compact, was quite clear.

The majority states that the clearly erroneous standard is applicable to the issue of whether a party has waived enforcement of an arbitration clause. It is indeed true that this court has stated that such is the case; see *Mattie & O'Brien Contracting Co.* v. *Rizzo Construction Pool Co.*, 128 Conn. App. 537, 542–43, 17 A.3d 1083, cert. denied, 302 Conn. 906, 23 A.3d 1247 (2011); and I, of course, agree that we are bound by our prior holdings.[2]

---

[2] The authority relied on can be tracked through a number of cases that state the standard of review for "waiver and estoppel" claims. See, e.g., *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.*, 217 Conn. 340, 350, 586 A.2d 567 (1991) ("because waiver and estoppel are questions of fact . . . we will not disturb the trial court's findings unless they are clearly erroneous" [citation omitted]). *Hanover Ins. Co.* cites *New York Annual Conference* v. *Fisher*, 182 Conn. 272, 300, 438 A.2d 62 (1980), for the proposition that "waiver and estoppel are questions of fact," but that case actually states an entirely different proposition: "Estoppel, waiver, unjust enrichment and unclean hands are all defenses which *depend upon* questions of fact that must be determined, in the first instance, by the trial court." (Emphasis added.) Id. *Hanover Ins. Co.* cites *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980), for the proposition that "we

The difficulty arises because the court did not decide whether the defendants had waived by their conduct their ability to enforce the arbitration clause; rather, the court implicitly held that the defense of waiver by conduct is immaterial whenever there is an arbitration clause in a contract. Because the rationale for the plaintiff's objection, i.e., a party may be deemed to have waived enforcement of an arbitration clause by its conduct, was and is clearly recognized; see, e.g., *Mattie & O'Brien Contracting Co.* v. *Rizzo Construction Pool Co.*, supra, 128 Conn. App. 542–43; I would reverse the judgment and remand the case for consideration of the merits of the plaintiff's objection to the defendants' motion to stay the proceedings pending arbitration.[3]

I therefore respectfully dissent.

will not disturb the trial court's findings unless they are clearly erroneous." The court in *Pandolphe's Auto Parts, Inc.*, however, states: "On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Citation omitted.) Id.

Findings of historical fact are, of course, reviewed by the clearly erroneous standard. But when the court is dealing not only with historical fact, but also with reaching conclusions or exercising judgment, the standard is plenary or abuse of discretion. See *State* v. *Boutilier*, 133 Conn. App. 493, 498–502, 36 A.3d 282 (2012) (discussing that "function performed by the trial court in issuing its ruling will dictate the scope of our review"). The facts underlying a court's ruling on waiver are appropriately reviewed by the clearly erroneous standard. The conclusion reached from those facts is one of law and is subject to plenary review. To the extent that consideration of a motion to stay involves the exercise of judgment, the standard is abuse of discretion.

[3] The defendants argued that they moved for a stay of the proceedings pending arbitration because the plaintiff had been derelict in complying with discovery requests. A stay so that the case can be arbitrated is not a standard sanction for violation of discovery requests. See, e.g., Practice Book § 13-14.