******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MSO, LLC *v.* ANTHONY DESIMONE, COEXECUTOR
(ESTATE OF CHARLES E. DESIMONE), ET AL.
(SC 18979)

Rogers, C. J., and Palmer, Zarella, Eveleigh and Espinosa, Js.

*Argued December 10, 2013—officially released August 12, 2014*

*Stuart Hawkins*, with whom, on the brief, was *Daniel Shepro*, for the appellant (plaintiff).

*John A. Keyes*, with whom was *Martin M. Looney*, for the appellees (named defendant et al.).

*Opinion*

ROGERS, C. J. The sole issue in this certified appeal[1] is whether the trial court improperly granted the defendants' motion for a stay pending arbitration because the trial court determined, as a matter of law, that a party cannot waive enforcement of an arbitration clause in a contract. The plaintiff, MSO, LLC, appeals from the judgment of the Appellate Court affirming the trial court's decision to stay this action brought against the defendants,[2] Anthony DeSimone and Charles DeSimone, Jr., in their individual capacities and as coexecutors of the estate of Charles E. DeSimone, pending arbitration pursuant to an arbitration clause in the parties' lease agreement. *MSO, LLC* v. *DeSimone*, 134 Conn. App. 821, 830, 40 A.3d 808 (2012). The plaintiff claims that the Appellate Court improperly concluded that the record was inadequate for review because the trial court failed to make any factual findings on the issue of waiver. See id., 827. Specifically, the plaintiff argues that the trial court concluded that waiver was unavailable as a matter of law and, accordingly, the record was adequate for review and the Appellate Court should have reversed the trial court's decision. We agree with the plaintiff that the record was adequate for review and that the trial court improperly concluded as a matter of law that the defense of waiver was unavailable to the parties. Accordingly, we reverse the judgment of the Appellate Court.

The Appellate Court opinion sets forth the extensive procedural background in the present case and we need not recite it here. See id., 823–27. Rather, a brief overview of the relevant facts and procedural history, as described by the Appellate Court, adequately situates the issue on appeal in the present case. "The plaintiff leased a commercial space for its liquor store, Budget Rite Liquors, from the defendants pursuant to a lease agreement. The lease agreement permitted sublease or assignment of the lease only with the written consent of the defendants. The lease agreement also included an arbitration clause. The validity of the lease agreement is not disputed by either party. In its original complaint, filed May 9, 2006, the plaintiff claimed that the defendants unlawfully withheld consent to assign the lease, which withholding deprived the plaintiff of the opportunity to enter into 'contracts with multiple ready, willing and able buyers' for the sale of its business. . . . On August 15, 2006, the defendants filed an answer, special defense and counterclaim alleging, inter alia, that they lawfully refused to consent to the assignment pursuant to the lease agreement and that the plaintiff owed unpaid rent and had damaged the subject property before vacating." Id., 823–24. While the litigation was pending for more than two years, various discovery disputes arose and the parties filed several motions in the trial court. See id., 824–27.

The record reveals the following additional procedural history relevant to our disposition of this appeal. On December 16, 2008, the defendants filed a motion for a stay of the proceedings, pursuant to General Statutes § 52-409,[3] pending arbitration under the parties' lease agreement.[4] The plaintiff objected to the motion for a stay on the ground that the defendants had waived their right to enforce the arbitration clause by engaging in lengthy litigation with the plaintiff over the course of more than two years. On March 10, 2009, the trial court, *Cronan, J.*, heard oral argument on the defendants' motion for a stay. The defendants argued that the plaintiff's lack of compliance in the discovery process so "frustrated" their participation in the litigation that they needed to enforce the arbitration clause in the lease agreement.[5] The plaintiff responded that the parties' discovery issues were not properly before the trial court on the motion for a stay, and that the defendants had waived their right to enforce the arbitration clause by participating in the extensive litigation.

The trial court granted the defendants' motion for a stay pending arbitration. In ruling on the motion for a stay, the trial court stated as follows: "When individuals enter a contract fully aware of what the elements of the contract are, and enter an agreement . . . I have found in the past that *if there is an arbitration clause, that the arbitration clause is going to control*, and . . . I am being consistent in other decisions I have made since coming to New Haven." (Emphasis added.) The plaintiff subsequently appealed from the trial court's decision in the defendants' favor to the Appellate Court.[6]

A majority of the Appellate Court concluded that the plaintiff had failed to meet its burden to provide the court with an adequate record for review. *MSO, LLC* v. *DeSimone*, supra, 134 Conn. App. 827. Because the plaintiff did not seek articulation of the trial court's succinct ruling on the defendants' motion for a stay, the majority could not conclude that the trial court made any findings on the issue of waiver. Id., 828. In the absence of pertinent factual findings regarding waiver, the Appellate Court majority presumed that the trial court "undertook the proper analysis of the law and the facts in directing the parties to proceed to arbitration as provided in the lease agreement." Id., 829; id. ("in the absence of an articulation—which the appellant is responsible for obtaining—we presume that the trial court acted properly" [internal quotation marks omitted]), quoting *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 739 n.25, 937 A.2d 656 (2007). This certified appeal followed.[7]

The plaintiff argues that the Appellate Court improperly determined that the record was inadequate for review and, therefore, incorrectly presumed that the trial court undertook the proper analysis in ordering the

parties to arbitration. Rather than deciding the factual question of waiver, the plaintiff contends that the trial court concluded that waiver was unavailable as a matter of law because of the written arbitration clause in the parties' lease agreement. Accordingly, the plaintiff asserts that the record was adequate for review and that the Appellate Court should have reversed the trial court's decision as neither legally nor logically correct.[8] By contrast, the defendants argue that the trial court made a factual determination that the defendants did not waive their right to arbitration. The defendants further contend that the trial court's purported factual findings regarding waiver were not clearly erroneous. As alternative grounds for affirmance, the defendants argue that the record was inadequate for review and, accordingly, that the Appellate Court correctly presumed that the trial court undertook the proper analysis in granting the defendants' motion for a stay pending arbitration. We agree with the plaintiff that the Appellate Court improperly concluded that the record was inadequate for review. Despite the absence of any factual findings on waiver, the trial court concluded that waiver was unavailable as a matter of law due to the parties' arbitration agreement. Accordingly, we conclude that the record was adequate for review. We further conclude that the trial court's decision was based upon an erroneous statement of the law. As a result, we reverse the judgment of the Appellate Court.

We begin with the standard of review. "The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53, 607 A.2d 424 (1992). "Therefore, the trial court's conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." (Internal quotation marks omitted.) *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, 272 Conn. 617, 622–23, 866 A.2d 582 (2005).

We now set forth the relevant statutory language and legal principles. "[A]n agreement to arbitrate must meet the requirements of the arbitration statute, [General Statutes § 52-408][9] including the requirement that the agreement be in writing, or it is invalid." (Footnote added.) *Bennett* v. *Meader*, 208 Conn. 352, 364, 545 A.2d 553 (1988). "Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination. It is intended to avoid the formalities, the delay,

the expense and vexation of ordinary litigation." *Gores* v. *Rosenthal*, 150 Conn. 554, 557, 192 A.2d 210 (1963). When parties have a valid arbitration agreement, "the courts are empowered to direct compliance with its provisions." Id. To this end, General Statutes § 52-409 "provides relief when a party to a contract that contains an arbitration clause desires arbitration of a dispute, and the other party, instead of proceeding with arbitration, institutes a civil action to resolve the dispute. The party desiring arbitration can then seek a stay of the civil action." (Emphasis omitted.) *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.*, 223 Conn. 761, 768, 613 A.2d 1320 (1992).

"[O]ur courts have wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation." (Internal quotation marks omitted.) *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, 237 Conn. 114, 118, 676 A.2d 825 (1996); see also *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, supra, 272 Conn. 626 (noting "the strong public policy favoring arbitration"); *Nussbaum* v. *Kimberly Timbers, Ltd.*, 271 Conn. 65, 71, 856 A.2d 364 (2004) ("Connecticut has adopted a clear public policy in favor of arbitrating disputes"); *L & R Realty* v. *Connecticut National Bank*, 246 Conn. 1, 12, 715 A.2d 748 (1998) ("[a]rbitration agreements illustrate the strong public policy favoring freedom of contract and the efficient resolution of disputes"); *Waterbury Teachers Assn.* v. *Waterbury*, 164 Conn. 426, 434, 324 A.2d 267 (1973) ("arbitration is a favored procedure in this state"). Notwithstanding the decided public policy in favor of arbitration, our case law is clear that "an arbitration clause may be waived by the parties or by the one entitled to its benefit." *Batter Building Materials Co.* v. *Kirschner*, 142 Conn. 1, 11–12, 110 A.2d 464 (1954).

"Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied." (Citations omitted; internal quotation marks omitted.) *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, supra, 272 Conn. 623. "[U]njustifiable delay in seeking arbitration may warrant a finding of waiver. . . . The same result follows from going to trial without insisting upon the arbitration condition." (Citation omitted.) *Batter Building Materials Co.* v. *Kirschner*, supra, 142 Conn. 11. Indeed, our courts have found waiver when a party engages in substantial litigation without asserting its right to arbitrate. See, e.g., *Waterbury Teachers Assn.* v. *Waterbury*, supra, 164 Conn. 435 (party waived right to arbitrate by proceeding to trial on identical issues as those claimed for arbitration); *Mattie & O'Brien Contracting Co.* v. *Rizzo Construction Pool Co.*, 128 Conn. App. 537, 542–43, 17 A.3d 1083 (party waived

right to arbitrate by participating in two years of pretrial activities before filing motion for stay), cert. denied, 302 Conn. 906, 23 A.3d 1247 (2011); *Grey* v. *Connecticut Indemnity Services, Inc.*, 112 Conn. App. 811, 814–16, 964 A.2d 591 (2009) (party waived right to arbitrate by engaging in three years of litigation before filing motion to compel arbitration on eve of trial).

Turning to the facts in the present case, the trial court granted the defendants' motion for a stay over the plaintiff's objection that the defendants had waived their right to enforce the arbitration clause by engaging in lengthy litigation. In its ruling granting the motion for a stay pending arbitration, the trial court made no express mention of waiver. Instead, the trial court simply asserted that "I have found in the past that *if there is an arbitration clause, that the arbitration clause is going to control* . . . ." (Emphasis added.) Likewise, in the articulation ordered by this court; see footnote 7 of this opinion; the trial court explained its view that "*the language of the agreement* which was the basis of the litigation *should take precedent over any issue of whether previous actions by either of the parties constituted waiver*." (Emphasis added.)

There is no question that the trial court did not make any factual findings on the issue of waiver. It is also clear, however, from the trial court's ruling on the motion for a stay, and its subsequent articulation thereof, that the trial court held that it *always* enforces arbitration clauses no matter the circumstances, including the claimed defense of waiver in the present case.[10] Thus, the trial court implicitly held that the defense of waiver is unavailable as a matter of law whenever there is an arbitration clause in a contract.

Because the legal basis of the trial court's decision is at issue, a factual record on the question of waiver is not necessary to review the trial court's decision. "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct"; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980); or whether the trial court's decision "involve[s] the application of some erroneous rule of law material to the case." (Internal quotation marks omitted.) *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, supra, 272 Conn. 623.

As we have discussed previously in this opinion, our case law clearly recognizes that a party may implicitly waive the right to enforce an arbitration clause in a contract. See *Waterbury Teachers Assn.* v. *Waterbury*, supra, 164 Conn. 435; *Batter Building Materials Co.* v. *Kirschner*, supra, 142 Conn. 11–12. In the present case, the trial court ignored the settled principles surrounding waiver when it concluded that waiver was unavailable as a matter of law due to the parties' written arbitration clause. Because the trial court based its decision upon

an erroneous statement of the law, we conclude that the trial court improperly granted the defendants' motion for a stay pending arbitration. Accordingly, we agree with the plaintiff that the Appellate Court incorrectly determined that the trial court undertook the proper analysis of the law and facts when it directed the parties to proceed to arbitration.[11] As a result, this matter must be remanded to the trial court for a new hearing on the defendants' motion for a stay pending arbitration.[12] At the rehearing, the trial court must determine whether the defendants have waived their right to enforce the arbitration clause in the parties' lease agreement.

Finally, we take this opportunity to clarify the standard for waiver because this issue is likely to arise on remand. See *Nyenhuis* v. *Metropolitan District Commission*, 300 Conn. 708, 725–26, 22 A.3d 1181 (2011) (addressing issue likely to arise on remand); *State* v. *Tabone*, 292 Conn. 417, 431, 973 A.2d 74 (2009) (same). In *Advest, Inc.* v. *Wachtel*, 235 Conn. 559, 569, 668 A.2d 367 (1995), this court, citing *Rush* v. *Oppenheimer & Co.*, 779 F.2d 885, 888 (2d Cir. 1985), stated that "[a] party seeking to assert the defense of waiver must show that he was substantially prejudiced." The court further stated that, "[i]n order to determine whether a party has been substantially prejudiced, many factors must be considered, not the least of which is whether the claims that the defendants seek to assert in the arbitration are the same as those asserted in the prior litigation and whether initiation of the arbitration constituted an unjustifiable delay." *Advest, Inc.* v. *Wachtel*, supra, 569, citing *Waterbury Teachers Assn.* v. *Waterbury*, supra, 164 Conn. 435.

Today, we clarify that the court in *Advest, Inc.* v. *Wachtel*, supra, 235 Conn. 569, did not announce a new waiver standard, but, rather, made explicit a prejudice requirement that was implicit in our prior case law regarding waiver of arbitration. That is, each factor that our court previously had identified as potentially supporting an inference of waiver—for instance, an unjustifiable delay or going to trial on identical issues as those claimed for arbitration; see *Waterbury Teachers Assn.* v. *Waterbury*, supra, 164 Conn. 435; *Batter Building Materials Co.* v. *Kirschner*, supra, 142 Conn. 11— is conduct that may be prejudicial, either procedurally or substantively,[13] to the party opposing arbitration. Appropriately, our courts have examined these and other relevant factors that may be indicative of prejudice to the party opposing arbitration on the grounds of waiver.[14]

Consistent with our prior case law, we hold that a party opposing arbitration on the ground of waiver must demonstrate that it will be prejudiced by enforcement of the arbitration clause. In so holding, we reaffirm the waiver standard that has developed through our

common law. We further recognize that our prejudice requirement is consistent with the majority of federal circuit courts which similarly require prejudice to the party opposing arbitration on the grounds of waiver.[15] This uniform approach allows our trial courts to resolve the issue of waiver without having to determine, as a threshold matter, whether state or federal law governs a particular arbitration agreement. See *Washington Mutual Finance Group, LLC* v. *Bailey*, 364 F.3d 260, 267 n.6 (5th Cir. 2004) ("whether a court should apply state law or the federal substantive law of arbitrability . . . is often an uncertain question [citation omitted; internal quotation marks omitted]").

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to that court for a new hearing on the motion for a stay.

In this opinion the other justices concurred.

[1] This court granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court correctly determine that the trial court undertook the proper analysis of the law and facts when it directed the parties to proceed to arbitration?" *MSO, LLC* v. *DeSimone*, 305 Conn. 911, 45 A.3d 98 (2012).

[2] The defendants, in connection with a counterclaim they filed against the plaintiff, also moved to implead Maria Shields as a defendant. The trial court granted their motion. References to the defendants herein are to only Anthony DeSimone and Charles DeSimone, Jr., in their individual and representative capacities.

[3] General Statutes § 52-409 provides: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

[4] Paragraph 23 of the parties' lease agreement contains an arbitration clause that provides as follows: "Any dispute arising under this lease shall be settled by arbitration. Then [l]andlord and [t]enant shall each choose an arbitrator, and the two arbitrators thus chosen shall select a third arbitrator. The findings and award of the three arbitrators thus chosen shall be final and binding on the parties hereto."

[5] Although the defendants purportedly sought a stay pending arbitration because of the plaintiff's alleged noncompliance with discovery requests, we note that a stay order is not a standard sanction for discovery violations. See Practice Book § 13-14.

[6] We note that before commencing an appeal in the Appellate Court, the parties proceeded to arbitration in accordance with their agreement. On September 15, 2010, the arbitrators issued a memorandum of decision finding in the defendants' favor. On December 16, 2010, the trial court, *A. Robinson, J.*, denied the plaintiff's motion to vacate the arbitration award, and granted the defendants' motion to confirm the award. The plaintiff appealed from the December 16, 2010 judgment to the Appellate Court.

This appeal is not moot on account of the arbitration judgment rendered in the defendants' favor. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable . . . . Justiciability requires . . . that the determination of the controversy will result in practical relief to the complainant. . . . A case is considered moot if [the trial] court cannot grant the appellant any practical relief through its disposition of the merits . . . ." (Internal quotation marks omitted.) *Wyatt Energy, Inc.* v. *Motiva Enter-*

*prises, LLC*, 308 Conn. 719, 736, 66 A.3d 848 (2013). On remand in the present case, the trial court can afford the plaintiff relief through its disposition on the merits. If the trial court determines that the defendants waived their right to arbitrate under the parties' lease agreement, then the trial court must deny the defendants' motion for a stay and vacate the arbitration award that resulted from the original stay order.

[7] After this court granted the plaintiff's petition for certification to appeal, the defendants sought an articulation from the trial court, *Cronan, J.*, as to the grounds for its decision granting the defendants' motion for a stay pending arbitration. The trial court denied the defendants' motion, but this court subsequently ordered the trial court to articulate its decision.

The trial court's December 27, 2012 articulation provides in relevant part: "The court felt that because arbitration was available and that both original parties to the lease agreement entered into a lease agreement recognizing that paragraph 23 stated that 'any dispute arising under this agreement *shall* . . . be settled by agreement' then that was the proper and practical course to take. *The court felt that the language of the agreement which was the basis of the litigation should take precedent over any issue of whether previous actions by either of the parties constituted waiver.*" (Emphasis altered.)

[8] The plaintiff's argument regarding the appropriate standard of review is inconsistent and, in part, inaccurate. In portions of its brief, the plaintiff appears to conflate plenary and abuse of discretion standards of review. For example, the plaintiff states that "the Appellate Court should have applied a plenary or abuse of discretion standard of review." The plaintiff further contends that "the Appellate Court should have determined that the trial court's decision directing the parties to arbitration was an abuse of discretion and in any event under plenary review the Appellate Court was in error and should be reversed . . . ." Our appellate courts have plenary review over legal conclusions. *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53, 607 A.2d 424 (1992). Accordingly, we reject the plaintiff's argument insofar as it suggests that the Appellate Court should have reviewed the trial court's decision for abuse of discretion.

[9] General Statutes § 52-408 provides in relevant part that "[a]n agreement in any written contract . . . to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof . . . shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally."

[10] We note that "[t]he interpretation of a trial court's judgment presents a question of law over which our review is plenary. . . . Effect must be given to that which is clearly implied as well as that which is expressed." (Citation omitted; internal quotation marks omitted.) *Sosin* v. *Sosin*, 300 Conn. 205, 217, 14 A.3d 307 (2011).

[11] In view of our holding in the present case, we reject the defendants' alternative grounds for affirmance, namely, that the record was inadequate for review and that the Appellate Court correctly presumed that the trial court undertook the proper analysis in granting the defendants' motion for a stay pending arbitration.

[12] The plaintiff argues in its brief that the "historical facts and pleadings in this matter as applied to clearly recognized case law pertaining to waiver manifests that there is no other legal or logical conclusion other than waiver." Insofar as the plaintiff suggests that this court can decide waiver in the present case as a matter of law, we reject this contention. The question of whether the defendants waived the right to enforce the arbitration clause is a factual question that must be decided in the first instance in the trial court. See *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, supra, 272 Conn. 622 ("[w]aiver is a question of fact").

[13] See *Kramer* v. *Hammond*, 943 F.2d 176, 179 (2d Cir. 1991) ("[p]rejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense").

[14] A nonexhaustive list of some other relevant factors that our courts have considered in deciding waiver include participating in lengthy pretrial discovery or fact-finding, engaging in extensive pleading or motion practice, initiating continuances, and moving for arbitration on the eve of trial; see *Mattie & O'Brien Contracting Co.* v. *Rizzo Construction Pool Co.*, supra, 128 Conn. App. 542–43; *Grey* v. *Connecticut Indemnity Services, Inc.*, supra,

112 Conn. App. 815–16; invoking arbitration to avoid an unfavorable disposition; see *Naftzger* v. *Naftzger & Kuhe, Inc.*, 26 Conn. App. 521, 526, 602 A.2d 606 (1992); electing a jury determination of issues falling within an agreement to arbitrate; see *Giulietti* v. *Connecticut Ins. Placement Facility*, 205 Conn. 424, 432–33, 534 A.2d 213 (1987); causing an opposing party to expend undue time and expense in litigation prior to seeking arbitration; see *Riddle* v. *St. Paul Fire & Marine Ins.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-00-0180704 (September 11, 2003) (35 Conn. L. Rptr. 417); *Premier Roofing Co.* v. *Ins. Co. of North America*, Superior Court, judicial district of Danbury, Docket No. 312438 (November 22, 1996); and attempting to utilize the advantages derived from litigation in a later arbitration, including discovery that is unavailable in arbitration. See *Flanagan* v. *Toll CT, II Ltd. Partnership*, Superior Court, judicial district of Fairfield, Docket No. CV-06-5004100-S (November 5, 2007); *Richter* v. *Danbury Radiological Associates, P.C.*, Superior Court, judicial district of Danbury, Docket No. 316199 (April 17, 1995) (14 Conn. L. Rptr. 47).

[15] Nine federal circuit courts require the party opposing arbitration on the grounds of waiver to show prejudice. See *Brown* v. *Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005) (prejudice required to establish waiver of right to compel arbitration); *Republic Ins. Co.* v. *PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004) (same); *Patton Grading & Paving, Inc.* v. *Skansa USA Building, Inc.*, 380 F.3d 200, 204 (4th Cir. 2004) (same); *In re Citigroup, Inc.*, 376 F.3d 23, 26 (1st Cir. 2004) (same); *Kelly* v. *Golden*, 352 F.3d 344, 349 (8th Cir. 2003) (same); *O.J. Distributing, Inc.* v. *Hornell Brewing Co.*, 340 F.3d 345, 356 (6th Cir. 2003) (same); *Thyssen, Inc.* v. *Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002) (same), cert. denied sub nom. *Thyssen, Inc.* v. *M/V Markos N.*, 538 U.S. 922, 123 S. Ct. 1573, 155 L. Ed. 2d 312 (2003); *Ivax Corp.* v. *B. Braun of America, Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002) (same); *Hoxworth* v. *Blinder, Robinson & Co.*, 980 F.2d 912, 925 (3d Cir. 1992) (same).

Although three federal circuit courts do not require prejudice to establish waiver, prejudice is a relevant factor in the waiver analysis. See *McWilliams* v. *Logicon, Inc.*, 143 F.3d 573, 576 (10th Cir. 1998) (prejudice one of six relevant factors in waiver analysis); *St. Mary's Medical Center of Evansville, Inc.* v. *Disco Aluminum Products Co.*, 969 F.2d 585, 590 (7th Cir. 1992) (prejudice relevant factor but court may find waiver absent prejudice); *National Foundation for Cancer Research* v. *A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 777 (D.C. Cir. 1987) (same).

––––––––––––––––––––––