LEONARD F. FOGG III ET AL. *v.* D. MORGAN WAKELEE
(12224)

PETERS, C. J., SHEA, DANNEHY, CALLAHAN and KLINE, Js.

Argued April 10—decision released May 21, 1985

*Dwight F. Fanton,* with whom, on the brief, was *Michael G. Proctor,* for the appellant (defendant).

*James E. Cohen,* with whom were *Wesley W. Horton* and, on the brief, *David B. Cohen,* for the appellees (plaintiffs).

PER CURIAM. This case is an action to establish the boundary between two adjacent properties in Shelton. The state trial referee, sitting as the trial court, fixed

the boundary in accordance with the claims of the plaintiffs, Leonard F. Fogg III and Rudolph Gajdosik, Jr. The defendant, D. Morgan Wakelee, has appealed from the judgment of the trial court.

The only issue that has been properly briefed is whether there was sufficient evidence to support the trial court's decision to fix the disputed boundary in accordance with a survey map prepared by Clarke & Pearson Associates.[1] The trial court relied on this map, and on a personal examination of the site, in rendering judgment for the plaintiffs. After examining the record on appeal and after considering the briefs and arguments of the parties, we conclude that there is no error in the judgment from which the appeal was taken. The lengthy and detailed memorandum of decision filed by the trial court; *Fogg* v. *Wakelee,* 40 Conn. Sup. 272, 492 A.2d 843 (1985); fully states and meets the arguments of the defendant. We adopt the trial court's decision as a statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the discussion therein contained.

There is no error.

---

[1] We need not address the defendant's claims of evidentiary error as these claims have not been presented in accordance with the requirements of Practice Book § 3060F (c) (3) (now Practice Book § 3060F [d] [3]). The defendant's brief does not, with regard to either of the evidentiary items he disputes, state the circumstances under which these items were offered at trial or what exceptions were then taken. See *Acheson* v. *White,* 195 Conn. 211, 217 n.7, 487 A.2d 197 (1985); *State* v. *Fullwood,* 194 Conn. 573, 582 n.6, 484 A.2d 435 (1984); *Aetna Life & Casualty Co.* v. *Miscione of Connecticut, Inc.,* 193 Conn. 435, 437 n.2, 476 A.2d 577 (1984).