MATTIE AND O'BRIEN CONTRACTING COMPANY, INC. *v.* RIZZO CONSTRUCTION POOL COMPANY
(AC 31514)

DiPentima, C. J., and Bishop and Dupont, Js.

Argued November 29, 2010—officially released May 10, 2011

*David L. Gussak*, for the appellant (defendant).

*John C. Wirzbicki*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, Rizzo Construction Pool Company, doing business as Rizzo Pool, appeals from the judgment of the trial court in favor of the plaintiff, Mattie & O'Brien Contracting Company, Inc., rendered after a hearing by an attorney fact finder, in accordance with the recommendations of the attorney

fact finder. On appeal the defendant claims that (1) the court improperly denied its motion for a stay of proceedings because of an arbitration clause in the 2002 contract between the parties, (2) the attorney fact finder improperly denied the defendant's oral motion to amend its answer to conform the pleadings to its offer of proof and (3) the attorney fact finder improperly precluded evidence offered by the defendant as irrelevant.[1] We affirm the judgment of the trial court.

The following facts, as found by the attorney fact finder, and procedural history are relevant to the defendant's appeal. The plaintiff entered into a contract with the United States Navy to act as general contractor to perform repairs and maintenance at the Groton submarine base. In 2002, the plaintiff subcontracted with the defendant to repair a pool at the base. The defendant then subcontracted with RenoSys Corporation (RenoSys) to repair the lining of the pool.

After the defendant performed a substantial portion of the work required under the 2002 contract, a dispute occurred about the quality of both the defendant's and the plaintiff's performance. In 2004, the plaintiff and the defendant entered into a settlement that resulted in a mutual release and indemnification agreement. As part of the 2004 settlement agreement, the plaintiff made payments to the defendant and RenoSys. The 2004 settlement agreement expressly preserved the defendant's warranty of the work performed under the 2002 contract.

Thereafter, a problem developed with the pool lining installed by RenoSys. The plaintiff asked the defendant to honor its warranty and to repair the lining of the pool, but the defendant refused. The plaintiff then requested that RenoSys honor its warranty. RenoSys

---

[1] The defendant also raised and then expressly abandoned in its brief a claim of bias on the part of the attorney fact finder.

claimed that it had not been paid by the defendant in full for its performance under the 2002 contract and refused to honor the warranty until it was paid. The plaintiff then paid RenoSys, and RenoSys repaired the pool lining.

In September, 2006, the plaintiff commenced the present action against the defendant to recover the amount paid to RenoSys. The defendant's answer denied that it owed money to RenoSys and alleged insufficient knowledge as to the existence of a warranty that would require the defendant to repair the pool lining. In addition, its special defense alleged that "[t]he [p]laintiff voluntarily made payments to RenoSys despite the objection of [d]efendant and [d]efendant did not agree that RenoSys was owed monies or that it should be paid to honor its warranties. In fact, no monies were due RenoSys which had not performed its contractual work." The defendant did not raise the existence of a mandatory arbitration clause as a special defense.

On December 10, 2007, the plaintiff filed a certificate of closed pleadings. Pursuant to Practice Book § 23-53, the case was referred to an attorney fact finder. The fact-finding hearing initially was scheduled for October, 2008. On September 11, 2008, the defendant successfully moved for a continuance. The hearing was held before an attorney fact finder, David M. Moore, on December 1, 2008, and April 13, 2009.

At the start of the hearing, the plaintiff's counsel called Robert Mattie, a principal of the plaintiff, as his first witness. During the examination of Mattie, the defendant's counsel first notified the court and the plaintiff of the existence of a mandatory arbitration clause in the 2002 contract between the plaintiff and the defendant. The plaintiff's counsel objected to questioning by the defendant's counsel of the witness about the arbitration clause because the arbitration clause

had not been pleaded as a special defense and there had been no motion to refer the case to arbitration.

In response, the defendant's counsel orally moved to conform its pleadings to the proof offered to include the arbitration clause as a special defense. The attorney fact finder declined to rule on the motion to conform the pleadings.[2] During the recess, both parties consulted with the trial judge who instructed the parties to proceed but allowed the defendant to file a motion to stay the proceedings. Seventeen days later, the defendant filed a motion to stay the proceedings until the conclusion of arbitration. The court determined that the defendant had waived the arbitration clause by its inaction and denied the defendant's motion.

Following the close of the hearing, the attorney fact finder recommended that judgment be rendered in favor of the plaintiff. Judgment was rendered in accordance with the fact finder's report. This appeal followed.

I

We first address the claim that the court improperly denied the defendant's motion to stay the proceedings on the basis of its finding that the defendant waived its right to arbitration. Specifically, the defendant argues that it never agreed to a waiver, and, therefore, the court's finding was clearly erroneous. We disagree.

We begin our analysis by setting forth the relevant statutes. General Statutes § 52-409 provides: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is

---

[2] The fact finder noted: "I am a trier of fact of limited jurisdiction in that the statutes, basically, limit what I can do as a finder of fact. We are talking about some fairly significant legal issues which normally would be resolved by a judge of the Superior Court. I am not, as of yet, appointed as a judge of the Superior Court and therefore lack the power to be able to rule on some of the issues that were raised."

pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration." This statute "provides relief when a party to a contract that contains an arbitration clause desires arbitration of a dispute, and the other party, instead of proceeding with arbitration, institutes a civil action to resolve the dispute. The party desiring arbitration can then seek a *stay* of the civil action." (Emphasis in original.) *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.*, 223 Conn. 761, 768, 613 A.2d 1320 (1992). Furthermore, enforcement of arbitration clauses is favored to avoid the delay and expense of litigation. *Waterbury Teachers Assn.* v. *Waterbury*, 164 Conn. 426, 434, 324 A.2d 267 (1973).

Our case law makes it clear that a party may waive an arbitration clause by its conduct. "It is, of course, true that an arbitration clause may be waived by the parties or by the one entitled to its benefit. . . . Thus, unjustifiable delay in seeking arbitration may warrant a finding of waiver. . . . The same result follows from the going to trial without insisting upon the arbitration condition." (Internal quotation marks omitted.) Id., 435.

We now turn to the applicable standard of review. "Our review of the trial court's determination is guided by the principle that, because waiver and estoppel are questions of fact . . . we will not disturb the trial court's findings unless they are clearly erroneous." (Citation omitted.) *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.*, 217 Conn. 340, 350, 586 A.2d 567 (1991). "Therefore, the trial court's conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some

erroneous rule of law material to the case." (Internal quotation marks omitted.) *AFSCME, Council 4, Local 704* v. *Dept. of Public Health,* 272 Conn. 617, 622–23, 866 A.2d 582 (2005).

In its order denying the motion, the court found that, as a result of its inaction, the defendant had waived any rights it had to arbitration. It specifically noted the following procedural history. The action was commenced in September, 2006, the pleadings were closed in December, 2007, and the hearing date was originally set for October, 2008, and was continued, at the defendant's request, until December, 2008. The defendant waited until seventeen days after the first day of the hearing to file a motion for stay of proceedings, pursuant to § 52-409. Here, the defendant raised the issue of arbitration for the first time on the first day of the hearing. After the attorney fact finder presiding over the hearing determined that he was not empowered to grant a stay of proceedings,[3] the defendant then waited an additional seventeen days to file a motion with the court. The defendant participated in two years of pre-trial activities, including requesting a two month continuance, and failed to file a proper motion for stay until the fact-finding hearing was half completed.

The court's finding that the defendant's delay in filing a motion to stay the proceedings constituted a waiver of the arbitration clause was not clearly erroneous. Thus, we conclude this claim must fail.

---

[3] General Statutes § 52-549r provides in relevant part: "The fact-finders shall proceed to determine the matters in controversy submitted to them, and shall prepare and sign a finding of fact, which shall include an award of damages if applicable. . . ." General Statutes § 52-549p (c) provides: "Such fact-finders shall have the power to: (1) Issue subpoenas for the attendance of witnesses and for the production of books, papers and other evidence, such subpoenas to be served in the manner provided by law for service of subpoenas in a civil action and to be returnable to the fact-finders; (2) administer oaths or affirmations; and (3) determine the admissibility of evidence and the form in which it is to be offered."

## II

The defendant next claims that the attorney fact finder improperly denied its oral motion to amend its pleadings to conform to the offer of proof. We decline to address the merits of this claim because the defendant has briefed it inadequately.

"We are not obligated to consider issues that are not adequately briefed." (Internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008). The defendant's brief provides minimal citation to authority and no analysis of our rules of practice as applied to the facts of this case. See *O'Connell, Flaherty & Attmore, LLC* v. *Doody*, 124 Conn. App. 1, 8, 3 A.3d 969 (2010). Although the defendant claims that the attorney fact finder did not follow the criteria for allowing amendments pursuant to Practice Book § 10-62,[4] the defendant never explains what the criteria are nor does it cite to any cases explaining how the criteria for Practice Book § 10-62 are applied. In addition, the defendant does not provide a citation to any portion of the transcript in which it moved to amend its special defense, other than as to the arbitration clause; see part I of this opinion; nor were we able to find one. See Practice Book § 67-4; see, e.g., *Northeast Ct. Economic Alliance, Inc.* v. *ATC Partnership*, 272 Conn. 14, 44 n.20, 861 A.2d 473 (2004); *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 447 n.20, 820 A.2d 258 (2003). Accordingly, we decline to review this issue.[5]

---

[4] We also note that amendments pursuant to Practice Book § 10-62 must be made in accordance with the procedures of Practice Book § 10-60. Practice Book § 10-60 (a) (1) permits oral amendments to the pleadings by order of a "judicial authority"; see *Burton* v. *Stamford*, 115 Conn. App. 47, 60, 971 A.2d 739, cert. denied, 293 Conn. 912, 978 A.2d 1108 (2009); but an attorney fact finder is not a "judicial authority" and, therefore, may not grant a motion to amend the pleadings. See Practice Book § 1-1 (c).

[5] In addition, we note that the defendant's objection to the attorney fact finder's report did not include the refusal of the attorney fact finder to allow the defendant to amend its pleadings.

## III

The defendant's final claim is that the attorney fact finder improperly excluded as irrelevant certain evidence offered by the defendant. We decline to address the merits of this claim because the defendant has briefed it inadequately.

"The mere assertion in a brief that evidence was improperly excluded, coupled with transcript page references, will not be sufficient." *Roberto* v. *Honeywell, Inc.*, 43 Conn. App. 161, 163, 681 A.2d 1011, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996). The defendant does not provide a citation to or set forth a statement of any question, objection, or ruling being challenged. See Practice Book § 67-4 (d) (3). We need not address the defendant's claim of evidentiary error as this claim has not been presented in accordance with the requirements of our rules of practice. See *Fogg* v. *Wakelee*, 196 Conn. 287, 288 n.1, 492 A.2d 511 (1985).

"When raising evidentiary issues on appeal, all briefs should identify clearly what evidence was excluded or admitted, where the trial counsel objected and preserved his rights and why there was error." *Aspiazu* v. *Orgera*, 205 Conn. 623, 636–37 n.5, 535 A.2d 338 (1987). The defendant has not identified any evidence that it claims the attorney fact finder improperly excluded, nor has it provided a citation to the transcript showing any of the defendant's objections.

Furthermore, the defendant has not adequately explained how the attorney fact finder erred in his rulings. The defendant claims that the attorney fact finder engaged in "evidentiary cherry picking" and improperly narrowed the scope of the defendant's special defense. The defendant does not cite any portion of the transcript to support either claim other than to say that the fact finder admitted some evidence related to the 2002 contract but excluded other evidence related to the 2002

contract. The defendant's brief contains only cursory explanations of two authorities, only one of which appears to be generally relevant to this case. A brief containing minimal citation to authority and no citation to the record is inadequate to determine whether the attorney fact finder erred in his evidentiary rulings. See *Northeast Ct. Economic Alliance, Inc.* v. *ATC Partnership*, supra, 272 Conn. 44 n.20. Accordingly, we decline to review the merits of this claim.

The judgment is affirmed.

In this opinion the other judges concurred.