******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

C. B. *v.* S. B.*
(AC 44800)

Bright, C. J., and Prescott and Lavine, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court
  dissolving his marriage to the plaintiff, claiming that the court abused
  its discretion by finding his net weekly income, declining to accept his
  proposed parenting schedule, and refusing to deviate from the relevant
  child support guidelines in fashioning its support orders. *Held* that this
  court declined to review the defendant's claims as the claims were
  inadequately briefed, the defendant having provided no statement of
  the facts, minimal relevant citation to the record, almost no citation to
  applicable legal authorities and no meaningful analysis for his claims,
  and his briefing was conclusory, confusing and disorganized.

Argued March 3—officially released April 5, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Waterbury and tried to the court, *Coleman, J.*;
judgment dissolving the marriage and granting certain
other relief, from which the defendant appealed to this
court. *Affirmed.*

*S. B.*, self-represented, the appellant (defendant).

*Opinion*

PER CURIAM. The self-represented defendant, S. B., appeals from the judgment of the trial court dissolving his marriage to the plaintiff, C. B. On appeal, the defendant claims that the court abused its discretion by (1) finding that his net weekly income was $489, (2) declining to accept his proposed parenting schedule, and (3) refusing to deviate from the relevant child support guidelines to accommodate his existing financial obligations. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On June 9, 2021, the court, by way of memorandum of decision, rendered judgment dissolving the parties' marriage. The court found that the defendant's net weekly income was $489 and, accordingly, ordered him to pay the plaintiff $191 per week in child support. The dissolution judgment also ordered joint legal custody of the parties' three minor children, with the defendant having custody "every Tuesday after school (or 11:00 a.m. when the children are not in school) through Thursday morning drop off at school (or 11:00 a.m. when the children are not in school)" and every other weekend. This appeal followed.[1]

Having thoroughly reviewed the record and the defendant's brief,[2] we conclude that we cannot properly review the defendant's claims on appeal because they are inadequately briefed, and thus we decline to address them. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . .

"In addition, briefing is inadequate when it is not only short, but confusing, repetitive, and disorganized. . . . We are mindful that [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Nonetheless, [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citations omitted; internal quotation marks omitted.) *Burton* v. *Dept. of Environmental Protection*, 337 Conn. 781, 803–804, 256 A.3d 655 (2021).

For his claims on appeal, the defendant in his brief provides no statement of the facts, minimal relevant citation to the record, and almost no citation to applicable legal authorities. See id., 804 (brief containing only minimal citation to record was inadequate); see also *Mattie & O'Brien Contracting Co.* v. *Rizzo Construction Pool Co.*, 128 Conn. App. 537, 544, 17 A.3d 1083 (brief containing minimal citation to legal authority was inadequate), cert. denied, 302 Conn. 906, 23 A.3d 1247 (2011).

Further, the defendant's single page "summary of argument" provides no meaningful analysis for his claims. See *MacDermid, Inc.* v. *Leonetti*, 328 Conn. 726, 748, 183 A.3d 611 (2018) (actual analysis, not mere assertions, is required for briefing to be adequate). Last, the defendant's briefing is conclusory, confusing, and disorganized. See *State* v. *Buhl*, 321 Conn. 688, 722–23, 138 A.3d 868 (2016) (declining to review defendant's claims when briefing was short, confusing, and disorganized); see also id., 726 ("[a]lthough the number of pages devoted to an argument in a brief is not necessarily determinative, relative sparsity weighs in favor of concluding that the argument has been inadequately briefed"). The defendant's brief simply is inadequate for us to conduct any meaningful review of his claims, and we thus decline to review them.

The judgment is affirmed.

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49; we decline to identify any party protected or sought to be protected under a protective order or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

[1] On June 16, 2021, before the appeal in the present case was filed, the defendant filed a motion to reargue in the trial court, seeking to modify the court's finding that his net weekly income was $489. A review of the court's docket indicates that the court granted reargument and held a hearing on the motion to reargue on October 4, 2021. On January 29, 2022, the court issued its decision on the motion to reargue and denied the relief requested. Neither the defendant's motion to reargue nor the court's decision on that motion are before us on appeal.

[2] The plaintiff did not file a brief.