******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* DAVID A. GODBOUT
## (AC 46567)

Elgo, Suarez and DiPentima, Js.

*Syllabus*

The defendant appealed from the judgment of conviction rendered by the trial court following his plea of nolo contendere to the crime of disorderly conduct. The defendant claimed, inter alia, that a certain statute (§ 54-94a) and rule of practice (§ 39-18) governing pleas of nolo contendere were unconstitutional because they violated the common-law presumption of innocence. *Held*:

The defendant waived his claims that § 54-94a and Practice Book § 39-18 were unconstitutional, as his plea of nolo contendere operated as a waiver of all nonjurisdictional defects and barred the later assertion of constitutional challenges to pretrial proceedings, and neither of his claims of error challenged either the exercise of jurisdiction by the court or the voluntary and intelligent nature of his plea.

This court declined to review the defendant's inadequately briefed claims that the charges against him lacked probable cause, that the trial court erred in not complying with the requirements of Practice Book § 39-18, that the court violated his due process rights by failing to hold a hearing on certain postjudgment motions and that the judges who presided over his case acted without authority.

The defendant's claim that the trial court exceeded its authority by imposing terms to his conditional discharge was moot, as it was undisputed that this appeal was not heard until after his one year term of conditional discharge had expired, and there was no practical relief this court could provide to the defendant.

Argued September 17—officially released November 19, 2024

*Procedural History*

Substitute information charging the defendant with the crime of disorderly conduct, brought to the Superior Court in the judicial district of New London, geographical area number ten, where the defendant was presented to the court, *K. Murphy, J.*, on a plea of nolo contendere; judgment of guilty in accordance with the plea, from which the defendant appealed to this court. *Appeal dismissed in part; affirmed.*

*David A. Godbout*, self-represented, the appellant (defendant).

*Raynald A. Carre, Jr.*, deputy assistant state's attorney, with whom, on the brief, were *Paul J. Narducci*, state's attorney, and *Marissa Goldberg*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, David A. Godbout, appeals from the judgment of conviction rendered by the trial court following his plea of nolo contendere to the charge of disorderly conduct in violation of General Statutes § 53a-182.[1] On appeal, the defendant claims that (1) General Statutes § 54-94a[2] is unconstitutional; (2) Practice Book § 39-18[3] is unconstitutional; (3) the charges against him lacked probable

---

[1] General Statutes § 53a-182 provides in relevant part: "(a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise  . . . ."

[2] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[3] Practice Book § 39-18 provides: "(a) In the discretion of the judicial authority, the defendant may enter a plea of guilty or nolo contendere to the information or complaint at arraignment or any later time, provided that the judicial authority confirms in open court that the defendant has received all discovery materials that he or she requested in writing pursuant to Chapter 40 that are within the possession of the prosecuting authority. If the defendant has not received all requested discovery, the judicial authority shall confirm that the defendant and his or her counsel agree to waive any right to receive further disclosure, before allowing the defendant to enter the plea. Any such waiver shall not apply to the prosecuting authority's

cause; (4) the court erred in not complying with the requirements of Practice Book § 39-18; (5) the court violated his due process rights by failing to hold a hearing on his postjudgment motions; (6) the judges who presided over his case acted without authority; and (7) the court exceeded its authority by imposing terms to his conditional discharge.[4] We affirm the judgment of the court.

The following procedural history is relevant to our resolution of this appeal. On May 16, 2023, pursuant to § 54-94a, the defendant entered a plea of nolo contendere to the charge of disorderly conduct. At the plea hearing, the prosecutor set forth the factual basis for the charge as follows: On December 26, 2018, the defendant went to the office of the tax collector in East Lyme, and "caused a scene" while demanding the tax clerks waive certain fees for him. When his request was denied, he became enraged and paced back and forth while yelling obscenities at the clerks in a manner that caused them to fear for their safety. The panic alarm was activated, summoning the police, who arrested the defendant.

continuing obligation to disclose exculpatory information or materials pursuant to Sections 40-3 and 40-11.

"(b) A plea of nolo contendere shall be in writing, shall be signed by the defendant, and, when accepted by the judicial authority, shall be followed by a finding of guilty."

[4] In his principal brief before this court the defendant frames the issues raised on appeal as follows: "1. Practice Book [§] 39-18 (b) and [§] 54-94a are unconstitutional

"2. Court did not comply with Practice Book [§] 39-21

"3. Court did not comply with Practice Book [§] 39-18

"4. The trial court was presided over by people not appointed in sessions of the General Assembly and have no apparent authority

"5. The lack of hearings regarding motions violated due process rights of [the] defendant

"6. The imposition of conditions imposed was without authority."

We have reframed the defendant's claims to more accurately reflect the arguments set forth in his brief. See, e.g., *Doe* v. *Quinnipiac University*, 218 Conn. App. 170, 172–73 n.4, 291 A.3d 153 (2023).

The court canvassed the defendant with respect to his plea. Thereafter, the court accepted the plea, entered a finding of guilty, and sentenced the defendant to a term of ninety days of incarceration, execution suspended, with one year of conditional discharge. As for the special conditions of his discharge, the court ordered the defendant to refrain from contacting the victims in this case and to notify the local police department before going to the town hall in East Lyme. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The defendant's first two claims on appeal are that § 54-94a and Practice Book § 39-18 are unconstitutional. Specifically, he asserts that these provisions violate the common-law presumption of innocence. The state argues that the defendant has waived these claims by entering an unconditional plea of nolo contendere. We agree with the state.

We begin by setting forth the following legal principles. "As a general rule, an unconditional plea of guilty or nolo contendere, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. . . . Therefore, only those issues fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea are ordinarily appealable after a plea of guilty or nolo contendere." (Internal quotation marks omitted.) *Ross* v. *Commissioner of Correction*, 217 Conn. App. 286, 321, 288 A.3d 1055, cert. denied, 346 Conn. 915, 290 A.3d 374 (2023).

In the present case, the defendant entered an unconditional nolo contendere plea. The court canvassed the

defendant and "found [the plea] to be voluntary, understandably made with the assistance of competent counsel." The court further found that there was "a factual basis for the plea," and accepted the plea. The defendant's plea operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. Moreover, having carefully considered the defendant's argument, we conclude that neither of these two claims of error challenges either the exercise of jurisdiction by the court or the voluntary and intelligent nature of his plea. Accordingly, we conclude that the defendant has waived these claims.

## II

The defendant's third, fourth, fifth, and sixth claims on appeal are that he was charged without probable cause, that the court erred in not complying with the requirements of Practice Book § 39-18, that the court violated his due process rights by not holding a hearing on his postjudgment motions, and that the judges who presided over his case acted without authority. Having thoroughly reviewed the defendant's brief, we conclude that these claims have been abandoned due to inadequate briefing, and, thus, we decline to review them.

We set forth the following relevant legal principles. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on

appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . .

"In addition, briefing is inadequate when it is not only short, but confusing, repetitive, and disorganized. . . . We are mindful that [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Nonetheless, [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *C. B.* v. *S. B.*, 211 Conn. App. 628, 630, 273 A.3d 271 (2022).

In the present case, the sections of the defendant's brief dedicated to his third, fourth, fifth, and sixth claims do not set forth any meaningful analysis for this court to consider. The four sections combined include just one citation to the record and almost no citations to applicable legal authorities. The portions of the brief dedicated to the defendant's third claim regarding lack of probable cause, his fourth claim regarding the trial court's compliance with Practice Book § 39-18, and his sixth claim regarding the judicial authority of the presiding judges are conclusory, disorganized, and confusing. The defendant frequently and abruptly changes topics without any explanation of how they relate to each other or the claims at hand. With respect to the defendant's fourth claim, the briefing is so disorganized and confusing that we cannot determine whether his claim of error is premised on the argument that the court's actions violated his constitutional due process rights or impacted the voluntary and intelligent nature of his plea. The defendant devotes less than two pages out of his entire brief to his fourth claim and a mere four sentences to his fifth claim. "Although the number of

pages devoted to an argument in a brief is not necessarily determinative, relative sparsity weighs in favor of concluding that the argument has been inadequately briefed." *State* v. *Buhl*, 321 Conn. 688, 726, 138 A.3d 868 (2016).

We allow the defendant some latitude as a self-represented litigant. However, the sparsity and lack of substantive argument causes his brief to be "inadequate for us to conduct any meaningful review of" these claims. *C. B.* v. *S. B.*, supra, 211 Conn. App. 631; see id., 630–31 (declining to review claims due to inadequate briefing where briefing was sparse, conclusory, disorganized, and confusing). We, therefore, decline to review them.

III

The defendant's final claim is that the court exceeded its authority by imposing terms to his conditional discharge. We dismiss this portion of the appeal as moot.[5]

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.

---

[5] After oral argument before this court, we issued the following supplemental briefing order: "As the defendant indicated at oral argument that he has completed his period of conditional discharge, the parties are hereby ordered, sua sponte, to file memoranda of no more than 1500 words on or before October 10, 2024, addressing whether the portion of the defendant's amended appeal challenging the terms of his conditional discharge and July 10, 2023 decision denying his motion to modify his conditions should be dismissed as moot. See *State* v. *Boyle*, 287 Conn. 478, 485–8[7], [949 A.2d 460] (2008)." On October 10, 2024, the state filed a brief asserting that the defendant's final claim is moot, as his term of conditional discharge has expired. The defendant did not comply with the order.

. . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Booker*, 220 Conn. App. 783, 792–93, 299 A.3d 1215, cert. denied, 348 Conn. 927, 304 A.3d 860 (2023). "Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *State* v. *Shin*, 193 Conn. App. 348, 372, 219 A.3d 432, cert. denied, 333 Conn. 943, 219 A.3d 374 (2019).

It is undisputed that the defendant was sentenced on May 16, 2023, and that his one year conditional discharge expired on May 16, 2024. This appeal was not heard until September 17, 2024. Because his term of conditional discharge has expired, there is no practical relief that this court can provide to the defendant regarding this claim. See, e.g., id., 372–74. Accordingly, we conclude that the defendant's final claim is moot.

The appeal is dismissed with respect to the defendant's claim that the trial court exceeded its authority by imposing terms to his conditional discharge; the judgment is affirmed.