******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## MATTHEW ALTERIO *v.* WENDY SPAK
## (AC 48174)

Alvord, Suarez and Seeley, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing his complaint against the defendant pursuant to the anti-SLAPP statute (§ 52-196a). The plaintiff claimed, inter alia, that the court improperly concluded that the defendant had met her initial showing, pursuant to § 52-196a (e) (3), that the plaintiff's complaint was based on the defendant's exercise of her right to petition the government on a matter of public concern. *Held*:

This court declined to review the plaintiff's claims on appeal because they were inadequately briefed.

Argued October 8, 2025—officially released January 6, 2026

*Procedural History*

Action to recover damages for, inter alia, malicious prosecution, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Welch, J.*, granted the defendant's special motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Steven P. Kulas*, for the appellant (plaintiff).

*Alanna M. Zunski*, with whom, on the brief, was *Joseph T. Poulsen*, for the appellee (defendant).

*Opinion*

SUAREZ, J. The plaintiff, Matthew Alterio, appeals from the judgment of the trial court dismissing his complaint against the defendant, Wendy Spak, pursuant to Connecticut's anti-SLAPP[1] statute, General Statutes

---

[1] "SLAPP is an acronym for strategic lawsuit against public participation, the distinctive elements of [which] are (1) a civil complaint (2) filed against a nongovernment individual (3) because of their communications to government bodies (4) that involves a substantive issue of some public concern. . . . The purpose of a SLAPP suit is to punish and intimidate citizens who petition state agencies and have the ultimate effect of chilling any such action." (Internal quotation marks omitted.) *Lafferty* v. *Jones*, 336 Conn. 332, 337 n.4, 246 A.3d 429 (2020), cert. denied,     U.S.    , 141 S. Ct. 2467, 209 L. Ed. 2d 529 (2021).

§ 52-196a. On appeal, the plaintiff claims that the court improperly (1) concluded that the defendant had met her initial showing, pursuant to § 52-196a (e) (3), that the plaintiff's complaint was based on the defendant's exercise of her right to petition the government on a matter of public concern, and (2) dismissed his claims of malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. The defendant counters, inter alia,[2] that the plaintiff failed to adequately brief his claims on appeal. We agree with the defendant that the plaintiff's claims are inadequately briefed, and, thus, we decline to review them. Accordingly, we affirm the judgment of the trial court.

The record reveals the following facts and procedural history. At all relevant times, the plaintiff and the defendant were residents of the town of Oxford. On or about March 27, 2023, the plaintiff was arrested by the Oxford Police Department and charged with criminal mischief in the third degree in violation of General Statutes § 53a-117. The plaintiff was arrested after the defendant reported to the Oxford Police Department that the plaintiff had broken two light posts at the defendant's home in December, 2022.

On April 17, 2024, the plaintiff commenced the present action. The plaintiff alleged in his complaint that his arrest was initiated as a result of the defendant's complaints to the police. The plaintiff alleged that the defendant's conduct in relation to his arrest constituted

---

[2] The defendant also presented two alternative grounds for affirmance, namely, that (1) the court's judgment of dismissal as to the plaintiff's malicious prosecution claim should be affirmed for failure to establish malice, lack of probable cause, and favorable termination, and (2) statements to the police are protected by qualified privilege. We need not address these alternative grounds for affirmance in light of our dispositive conclusion that the plaintiff's claims are inadequately briefed.

malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. The plaintiff further asserted that the criminal charges against him were dismissed and that, because of the defendant's conduct, he suffered monetary damages and emotional harm.

In response, the defendant filed a special motion to dismiss the action pursuant to § 52-196a (b). Therein, the defendant asserted that the plaintiff's complaint was based on the exercise of her right to petition the government on a matter of public concern within the meaning of § 52-196a (a). The defendant further argued that the plaintiff could not establish probable cause that he would prevail on the merits because his claims arose from the defendant's reporting a crime to the police, and, accordingly, the defendant claimed that she was entitled to qualified immunity.

The plaintiff filed an objection to the defendant's special motion to dismiss, to which the defendant filed a reply. In his memorandum of law in support of his objection to the special motion to dismiss, the plaintiff argued that the defendant did not meet her initial burden under § 52-196a because the plaintiff had "supplied facts to the court which assert that the statements made by the defendant were not constitutionally protected speech but were knowingly made for reasons other than reporting suspected criminal activity." The plaintiff further argued that there was probable cause that he would prevail on the merits of his complaint.

In August, 2024, the court held an expedited hearing on the special motion to dismiss. The court subsequently held an evidentiary hearing on the special motion to dismiss on September 11, 2024.[3] On October

_____

[3] On October 2, 2025, the defendant filed a motion in this court for leave to file supplemental briefing on the issue of whether the present case should be remanded in light of *Aguilar* v. *Eick*, 234 Conn. App. 281, 311, 344 A.3d 263, cert. granted, 353 Conn. 925, 345 A.3d 811 (2025), in which this court held that an evidentiary hearing on a special motion to dismiss pursuant to

24, 2024, the court issued a memorandum of decision granting the defendant's special motion to dismiss. The court concluded that the defendant made an initial showing, by a preponderance of the evidence, that the plaintiff's complaint was based on the defendant's exercise of her constitutional right to petition the government on a matter of public concern, namely, the reporting of a suspected crime to the police. Accordingly, the court held that the defendant met her burden under the statute, thereby shifting the burden to the plaintiff to set forth "with particularity the circumstances giving rise to the complaint . . . and [to demonstrate] to the court that there is probable cause, considering all valid defenses, that [he would] prevail on the merits of the complaint . . . ." General Statutes § 52-196a (e) (3).

As to the plaintiff's burden, the court concluded that he did not demonstrate probable cause that he would prevail on his claims of malicious prosecution, intentional infliction of emotional distress, and negligent

§ 52-196a was not authorized. This court denied that motion and ordered that the parties should be prepared to address the applicability of *Aguilar* to this appeal at oral argument.

We conclude that *Aguilar* is distinguishable because, in that case, the trial court held only an evidentiary hearing; id., 289; whereas, in the present case, the court held oral argument on the special motion to dismiss, which was followed by an evidentiary hearing on that motion. Furthermore, in *Aguilar*, the trial court expressly relied on testimony and other evidence adduced at the evidentiary hearing. Id., 290–91. In the present case, however, although the court held an evidentiary hearing, it did not rely on the evidence adduced at that hearing in its memorandum of decision. Our review of the memorandum of decision reveals that the court's findings referred only to the complaint, the parties' affidavits, and exhibits appended to their memoranda. The court on one occasion stated that the defendant "testified that the light 'illuminated [the plaintiff]' before it was smashed." This, however, appears to be a scrivener's error because that reference was to the defendant's affidavit, rather than to her testimony. Accordingly, we conclude that the trial court's memorandum of decision finds support in the "pleadings and the affidavits submitted by the parties," without consideration of the testimony or other evidence admitted at the evidentiary hearing. *Aguilar* v. *Eick*, supra, 234 Conn. App. 297; see also General Statutes § 52-196a (e) (2).

infliction of emotional distress. Specifically, the court concluded relative to the malicious prosecution count, inter alia, that "the plaintiff [fell] short of demonstrating probable cause, as he has not alleged or made an offering that the defendant knew her report to the police was false." As to the intentional infliction of emotional distress count, the court concluded that the plaintiff did not allege conduct that was so extreme or outrageous as to satisfy the requirements of the law. Finally, as to the negligent infliction of emotional distress count, the court determined that the plaintiff did not allege that his emotional distress was severe enough that it might result in illness or bodily harm. Accordingly, the court rendered judgment dismissing the complaint. This appeal followed.

In his appellate brief, the plaintiff sets forth the facts underlying this appeal and then asserts that the court incorrectly (1) concluded that the defendant had met her initial showing that the plaintiff's complaint was based on the defendant's exercise of her right to petition the government on a matter of public concern, and (2) dismissed his claims of malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. After stating the standard of review, the plaintiff's analysis includes the following with respect to the defendant's initial burden under § 52-196a (e) (3): he asserts that "the factual allegations in the complaint, as well as [his] testimony,[4] supported the allegations that the defendant's statements to the police were made with malicious intent." (Footnote added.) The plaintiff further argues that the defendant's statements were made without probable

---

[4] The plaintiff's counsel did not dispute at oral argument before this court that, in *Aguilar* v. *Eick*, supra, 234 Conn. App. 311, this court held that testimony or other evidence from the evidentiary hearing is not properly considered in reviewing a special motion to dismiss pursuant to § 52-196a. See footnote 3 of this opinion.

cause "to gain an advantage over [him] in an ongoing financial dispute." He then asserts that there are "no Connecticut Appellate or Supreme Court cases that indicate that the type of speech complained of here . . . is entitled to the protection of . . . § 52-196a. There is nothing in the legislative history as cited in [*Smith* v. *Supple*, 346 Conn. 928, 293 A.3d 851 (2023)], that indicates that as well." The plaintiff finally argues that he established probable cause of success on the merits of his claims.

Having thoroughly reviewed the record and the plaintiff's brief, we conclude that we cannot properly address his claims on appeal because they are inadequately briefed, and, thus, we decline to review them. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . In addition, briefing is inadequate when it is not only short, but confusing, repetitive, and disorganized." (Internal quotation marks omitted.) *C. B.* v. *S. B.*, 211 Conn. App. 628, 630, 273 A.3d 271 (2022).

In the present case, the plaintiff, in his brief, provides minimal citations to the record and does not point us to any specific allegations in his complaint or averments in his affidavit in opposition to the special motion to dismiss in support of his claims. Rather, in conclusory fashion, he merely asserts that his "pleadings, exhibits, and testimony are sufficient to show that there was

probable cause that he would prevail on the merits" of his claims. See, e.g., *Burton* v. *Dept. of Environmental Protection*, 337 Conn. 781, 801–802, 256 A.3d 655 (2021) (claim was inadequately briefed when plaintiff provided speculative allegations and no citations to record); *Bongiorno* v. *J & G Realty, LLC*, 211 Conn. App. 311, 323–24, 272 A.3d 700 (2022) ("conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice" (internal quotation marks omitted)).

The plaintiff's brief is similarly deficient with respect to citations to legal authorities or analysis. See, e.g., *Mattie & O'Brien Contracting Co.* v. *Rizzo Construction Pool Co.*, 128 Conn. App. 537, 546, 17 A.3d 1083 (claim was inadequately briefed when brief contained minimal citation to authority and no citation to record), cert. denied, 302 Conn. 906, 23 A.3d 1247 (2011). The plaintiff has provided only two case citations in his brief. First, he cites to *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998), in his discussion of the standard of review, a case that predates the enactment of § 52-196a. Second, he cites to *Smith* v. *Supple*, supra, 346 Conn. 928, in arguing that the defendant did not meet her threshold burden under § 52-196a (e) (3); however, he does not provide any analysis of that decision. Rather, he refers to that case solely to quote from the legislative history of § 52-196a, and then argues that "[t]here are no Connecticut Appellate or Supreme Court cases that indicate that the type of speech complained of here . . . is entitled to the protection of . . . [§] 52-196a. There is nothing in the legislative history as cited in *Supple*, that indicates that as well." Apart from this conclusory statement, the plaintiff's brief is bereft of legal analysis. Even if the defendant's conduct in reporting a suspected crime to the police has not previously been addressed by this court or by our Supreme Court in relation to § 52-196a, as the defendant points

out, the plaintiff did not conduct any textual analysis of § 52-196a, he did not refer to or analyze the definitions of "matter of public concern" or "right to petition the government" contained in § 52-196a (a) (1) and (3), respectively, and whether the facts of the present case fell within those definitions, and he did not rely on any persuasive authorities or other guiding legal principles in support of his position that the defendant's conduct was not protected under § 52-196a.

As to his claims on the merits, the plaintiff merely repeats the arguments that he made in support of his claim that the defendant did not meet her threshold burden under § 52-196a (e) (3). Specifically, he "refers the court to the discussion in the previous section [of his brief] in support of his position articulated here." This court previously has stated that "briefing is inadequate when it is not only short, but confusing, repetitive, and disorganized." (Internal quotation marks omitted.) *C. B.* v. *S. B.*, supra, 211 Conn. App. 630. Moreover, each of these claims occupies less than one page of his brief, which itself contains only four pages of analysis. Our Supreme Court has previously stated that, "[a]lthough the number of pages devoted to an argument in a brief is not necessarily determinative, relative sparsity weighs in favor of concluding that the argument has been inadequately briefed." *State* v. *Buhl*, 321 Conn. 688, 726, 138 A.3d 868 (2016). This is especially so in the present case, in which the issue of whether the defendant's reporting a suspected crime to the police was protected under § 52-196a raises a potentially novel issue of statutory interpretation regarding Connecticut's anti-SLAPP statute.[5] See, e.g., id. (concluding that

---

[5] Our Supreme Court has noted that pertinent case law applying Connecticut's anti-SLAPP statute is "less developed"; *Pryor* v. *Brignole*, 346 Conn. 534, 544, 292 A.3d 701 (2023); and our appellate courts have looked to other states' respective anti-SLAPP statutes and case law in interpreting novel questions concerning § 52-196a. See, e.g., id., 544–45; *Sicignano* v. *Pearce*, 228 Conn. App. 664, 687, 325 A.3d 1127 (2024), cert. denied, 351 Conn. 908, 330 A.3d 881 (2025).

sparsity of briefing of first amendment claim weighed in favor of conclusion that arguments were inadequately briefed, particularly given that "first amendment and other constitutional claims . . . are often analytically complex").

The plaintiff's remaining arguments consist of conclusory statements, without any citations to the record or to relevant case law pertaining to malicious prosecution, intentional infliction of emotional distress, or negligent infliction of emotional distress. The plaintiff's brief simply is inadequate for us to conduct any meaningful review of his claims, and, thus, we decline to review them. See, e.g., *C. B.* v. *S. B.*, supra, 211 Conn. App. 631.

The judgment is affirmed.

In this opinion the other judges concurred.